IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>TAYVON DOBSON. | Crim. Action No. CCB-12-0453<br>Civil Action No. CCB-14-3466 |

### MEMORANDUM

On October 31, 2013, Tayvon Dobson, Sr., was sentenced following a guilty plea to attempted murder of federal officers and employees in violation of 18 U.S.C. § 1114(3) (Count One) and using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Count Three); the court imposed a period of incarceration of 216 months on Count One and 120 months' consecutive on Count Three for a total term of 336 months. J., ECF 50. This was within the agreed upon Rule 11(c)(1)(C) range set forth in the plea agreement. Plea Agreement ¶ 8, ECF 41.

On November 3, 2014, the court received a motion to vacate under 28 U.S.C. § 2255 filed by Dobson, representing himself, raising issues of ineffective assistance of counsel. Mot. to Vacate, ECF 53 ("Mot."). The government filed an opposition. Opp'n to Mot., ECF 65 ("Opp'n"). Subsequently the Federal Public Defender's Office filed on behalf of Dobson supplemental motions arguing that the section 924(c) conviction should be set aside because, after the Supreme Court's decisions in *Johnson*, *Dimaya*, and *Davis*, attempted murder no longer qualified as a crime of violence. Suppls. to Mot., ECFs 71, 72, 75, 79, under either the residual or the force clause. The government filed an opposition, Opp'n to Suppl., ECF 85, and shortly thereafter defense counsel moved for a stay pending the outcome of *Taylor v. United States*. Mot. to Hold in Abeyance, ECF

1

86; Order, ECF 88. After *Taylor* was decided by the Supreme Court, briefing in Dobson's case was completed, and the motion to vacate is now ready for resolution. For the reasons that follow, it will be denied.

## ANALYSIS

In *Taylor*, the Supreme Court held that an attempted Hobbs Act robbery offense categorically failed to qualify as a crime of violence, because "no element of attempted Hobbs Act robbery requires proof that the defendant used, attempted to use, or threatened to use force." 142 S. Ct. 2015, 2021 (2022). But both the government and defense counsel agree that *Taylor* does not directly apply to the attempted murder offense involved in this case. Reply at 1, ECF 93. Dobson nonetheless argues that attempted murder "only requires a substantial step toward the underlying crime of murder – not a substantial step toward the use of force itself . . . ." *Id.* at 2. This argument was anticipated and rejected by the Fourth Circuit in its *Taylor* decision. 973 F.3d 203, 209 (4th Cir. 2020), *aff'd*, 142 S. Ct. 2015. The Fourth Circuit explained that "'murder *requires* the use of force capable of causing physical pain or injury to another person' and so 'qualifies categorically as a crime of violence under the force clause.'" *Id.* (quoting *United States v. Mathis*, 932 F.3d 242, 265 (4th Cir. 2019)).

The Fourth Circuit has not addressed this issue since *Taylor*, but two district courts within the Circuit have done so and concluded that attempted murder constitutes a crime of violence under the force clause. In *Bird v. United States*, which involved a charge of attempted murder in violation of 18 U.S.C. § 1113, the court noted that attempted murder requires a specific intent to kill, which necessarily involves the attempted use of force against another and therefore remains a crime of violence. No. 09-cr-015-MR, 2023 WL 3959388, at *3 (W.D.N.C. June 12, 2023). In *Smith v.*

2

*United States*, Judge Gallagher noted that "robbery can be effected without the use of force. Murder cannot . . . . [B]ecause attempted use of physical force constitutes a crime of violence under § 924(c), an attempted killing . . . is also a crime of violence." No. 05-cr-061-SAG, 2023 WL 4268575, at *4 (D. Md. June 29, 2023).

In this case the grand jury charged that Dobson "did willfully, with premeditated malice aforethought, attempt to kill an officer and employee of the United States, while such person was engaged in the performance of official duties." Indictment, ECF 1. The elements of the offense were agreed to as follows: "a. The Defendant did attempt to kill another person; and b. The Defendant did so willfully and with premeditated malice aforethought; and c. The victim was an officer and employee of the United States; and d. The officer and employee of the United States was engaged in the performance of their official duties." Plea Agreement at 2. Dobson admitted these elements had been satisfied when he pled guilty to Count One.

Considering the Fourth Circuit's clear guidance, even if it constituted dicta in *Taylor* and in earlier case law holding attempted murder to be a crime of violence, none of which was explicitly overruled by the Supreme Court, and considering the two recent district court opinions that postdated the Supreme Court's opinion, I find that Dobson's conviction on Count One constitutes a crime of violence under the force clause. Accordingly, his conviction on Count Three will not be vacated.

The ineffective assistance of counsel claims also will be denied. Dobson appears to misunderstand some of the language in the plea agreement. He asserts that counsel did not advise him he could avoid incarceration by paying a fine, and also that it was a violation of the agreement when the state later prosecuted him for the same acts. Aff. of Tayvon Dobson ¶¶ 2-6, ECF 53-2. But no such choice existed, and the language in the plea agreement stating, "If the court accepts

the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty," Plea Agreement at 4, did not, and could not, bind the state, *cf. United States v. Johnson*, 272 F. Supp. 3d 728, 729-30, 733-34 (D. Md. 2017).

## CONCLUSION

For the reasons stated above, the motion to vacate, as supplemented, will be denied and dismissed without an evidentiary hearing. No certificate of appealability will be granted.

A separate order follows.

_____1/9/2024_____  
Date

_____/s/_____  
Catherine C. Blake  
United States District Judge